

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WOOD DALE CHIROPRACTIC, LTD., on behalf of itself and a class, | ) ) ) | |
| Plaintiff, | ) ) | 12 C 780 |
| v. | ) ) | Judge Leinenweber |
| DRFIRST.COM, INC., and JOHN DOES 1-10, | ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) ) | |

## ORDER FINALLY APPROVING THE SETTLEMENT

On May 29, 2013, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant, as memorialized in the Settlement Agreement (the "Settlement Agreement").

On November 6, 2013, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. [No persons appeared in Court seeking to address the proposed settlement.] Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2.     The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.     This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.   Therefore, all members of the Settlement Class who have not opted out (*i.e.*, NP Insight, LLC; Hans Hinterkopf, PA, Charlene Thorburn, Stephen Finger, New Beginning Cardiology, P.A., Calhoun Chiropractic Wellness Center / Dr. Justin P. Calhoun, DC; Fort Wayne Spine & Joint / Nathaniel Hiss, DC; Dorothy Self; Atlantic Dermatology, LLC; Texas Oncology / Sally M. Knox, M.D., Hildebrando Salinas, M.D., Sammy J. Horton, M.D., John E. Morrow, Gulf Coast Medical Center Physical Therapy, Inc. / S.M.S., D.O., P.A., and Donna F. Davies, Psy.D., P.A.) are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4.     The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with facsimile numbers who, on or after February 3, 2008, through and including February 23, 2012, were sent faxes by or on behalf of defendant DrFirst.com, Inc. promoting its goods or services for sale (the "Settlement Class").

5.     The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs,

Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.     Wood Dale Chiropractic, Ltd. is designated as representative of the Settlement Class.

7.     Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

8.     The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights if the Settlement Agreement and this Order Finally Approving the Settlement do not become effective as provided in the Settlement Agreement.

## Class Notice

9.     The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member on the Fax List whose identity could be identified through reasonable effort. Notice to Class members whose fax numbers are not on the Fax List or otherwise in the possession of Defendant took place by Publication Notice. Publication Notice was published in *The American Chiropractor* and *Physician's Practice* on July, 2013 and July-August, 2013 issues, respectively. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Fax Notice (excluding the claim form) on their firm's website,

3

www.edcombs.com. The Settlement Agreement (without exhibits) and Fax Notice was also posted on a dedicated website created by the Class Administrator. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. The 8 claim forms submitted after the September 23, 2013 deadline are allowed. Therefore, 4,696 claims have been submitted for 4,734 settlement shares.

## Objections and Opt-Outs

11.     Two objections were submitted by FAN Eldercare, Inc. and Timothy T. Schultz, D.O. These objections have been reviewed and considered by this Court. Neither objection presents a valid legal or factual objection to this Settlement. Accordingly, the objections submitted by FAN Eldercare, Inc. and Timothy T. Schultz, D.O. are overruled. FAN Eldercare, Inc. and Timothy T. Schultz, D.O. shall be considered part of the Settlement Class and each will be treated as submitting a valid claim.

12.     A total of 15 entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are: NP Insight, LLC; Hans Hinterkopf, PA, Charlene Thorburn, Stephen Finger, New Beginning Cardiology, P.A., Calhoun Chiropractic Wellness Center / Dr. Justin P. Calhoun, DC; Fort Wayne Spine & Joint / Nathaniel Hiss, DC; Dorothy Self; Atlantic Dermatology, LLC; Texas Oncology / Sally M. Knox, M.D., Hildebrando Salinas, M.D., Sammy J. Horton, M.D., John E. Morrow, Gulf Coast Medical Center Physical Therapy, Inc. / S.M.S., D.O., P.A., and Donna F. Davies, Psy.D., P.A. *Dkt. Nos. 47, 54-67.*

**Class Compensation**

13.    In accordance with the terms of the Settlement Agreement, Defendant or its counsel has deposited the $207,000 Settlement Fund into a segregated bank account for the benefit of the Settlement Class Members pursuant to the procedures set forth in paragraphs 4 and 5 of the Settlement Agreement.

**Releases**

14.    Upon the Effective Date, Plaintiff and each Settlement Class Member who has not been excluded from the Settlement Class, shall be deemed to have granted the releases set forth in paragraph 10 of the Settlement Agreement.

**Award of Attorneys' Fees and Incentive Award**

15.    The Court has considered Settlement Class Counsel's application for attorneys' fees.  The Court awards Class Counsel the sum of $62,100 as an award of attorney's fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable. 16.    The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $2,000 to Wood Dale Chiropractic, Ltd.  The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This payment shall be made from the Settlement Fund.

**Other Provisions**

16.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17.    Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval

Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

18.     The Court orders defendant DrFirst or its counsel to  deliver the Settlement Fund to the Administrator, less attorney's fees and costs approved by the Court, within three business days of the Effective Date.  Defendant or its counsel shall pay or distribute from the Settlement Fund to Plaintiff's Counsel, attorney's fees and costs awarded and any incentive award to the plaintiff within 14 days of the Effective Date.  If the order of Final Approval is withdrawn or vacated by this Court or reversed on appeal, Settlement Class Counsel shall return any portion of the Settlement Fund that was distributed, less costs incurred by Settlement Class Counsel to notify the Class Members of the Settlement Agreement, to counsel of record for Defendant DrFirst within three business days.

19.     The parties designate Chicago Law and Education Foundation as a *cy pres* recipient.  Settlement Class Counsel or their Administrator shall provide and distribute a check payable to this charity.

20.     Settlement Class Counsel or their Administrator shall file an affidavit of final accounting of the settlement by April 22, 2014.

21.     Class Counsel are authorized to retain Class-settlement.com, PO Box 9009, Hicksville, NY  11801 as the Class Administrator to process claims and make claim payments.

6

ENTER:

Dated: __11/6/2013__

United States District Judge

HARRY D. LEINENWEBER